**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| **KAREN TIMONEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No: CBD-04-334** |
| | ) | |
| **STEPHEN CRAIG, INC., et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM OPINION DENYING PLAINTIFF'S**
**MOTION FOR NEW TRIAL**

Before the Court is Plaintiff's Motion for New Trial ("Plaintiff's Motion")(Docket Item

No. 54).  The Court has reviewed Plaintiff's Motion and the opposition and reply thereto.  No

hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  The Court hereby DENIES Plaintiff's

Motion.

On October 5, 2000, Plaintiff was operating her vehicle southbound on the Capital

Beltway when she was rear-ended by a tractor trailer operated by Defendant Kevin Wellerman

during the course of his employment with Defendant Stephen Craig, Inc.  Both Plaintiff and

Defendant Wellerman drove their vehicles from the scene.  No medical personnel were asked to

provide assistance.  After completing her regularly scheduled workday, Plaintiff reported to the

hospital and complained of numbness and pain proceeding into her foot and side.  Over the next

few days, Plaintiff testified to her condition worsening and culminating in visits to various

healthcare providers.

Prior to the accident, Plaintiff testified to enjoying a very active lifestyle and having no long-term medical problems. Since the accident, she described significant mental health issues and orthopedic problems. On cross-examination, Plaintiff conceded that long before the accident, she had been hospitalized for depression for thirty days while in Florida. Various witnesses described Plaintiff's interactions differently with respect to the onset and intensity of mental and physical problems. The primary issue for trial was whether the problems that Plaintiff attributed to this accident were, in fact, caused by the accident.

Plaintiff's medical bills were admitted at trial without objection. The parties did not submit a summary chart which reflected the total medical expenses incurred, nor was there a statement under oath by any witness or argument by counsel suggesting what the total medical expenses were. Prior to issuing their verdict, the jurors sent out note. The first asked, "Are these all the medical bills? Were they ever totaled?". The second note asked, "In considering damages for past and future pain and suffering etc., do we have to rely only on the evidence presented at the trial? Can we award on 'parts' of 2c.". With agreement from counsel, the jury was asked to answer the following set of questions (responses in parentheses):

1)      Do you find that the accident that occurred on October 5 was caused by Mr. Wellerman's failure to operated his motor vehicle with reasonable care? ("Yes.")

2a)    Do you find that Ms. Timonen is entitled to medical expenses incurred in the past? ("Yes.")

2b)    If your answer is "Yes" in what amount? ("$36,000.00.")

2c)    Do you find that Ms. Timonen is entitled to damages for past and future pain, suffering, inconvenience, physical impairment, humiliation, or other non-pecuniary injury? ("No.")

2d)    If your answer is "Yes" in what amount? ("0.")

Plaintiff now submits that the total amount of medical expenses incurred is $31,284.75.  Given

the non-award for past or future non-economic damages and the appearance that the past medical

expenses awarded were greater then the bills submitted, Plaintiff believes the Court should grant

this motion for new trial.

I.    **Plaintiff's Motion for a New Trial Is Waived by the Untimely Filing.**

After receiving the jury's verdict, having the members of the jury harken to their verdict,

and finally individually polling each juror to determine their assent, the jurors were discharged.

At no time prior to their discharge, was an issue raised alleging an inconsistency in the verdict.

Plaintiff' Motion suggests that the "jury's verdict is against the overwhelming weight of the

evidence, is illogical, inherently inconsistent and flawed, and must be overturned by an order for

a new trial."  Defendants' response is that any concerns regarding the inconsistency of the

verdict have been waived by Plaintiff's failure to object prior to the discharge of the jury.

As a threshold matter, the Court must determine under Fed. R. Civ. P. 49 whether the

verdict is considered a "special verdict" or a "general verdict with special interrogatories."  A

special verdict under Rule 49(a) is where the Court propounds factual questions to the jurors for

their determination.  Thereafter, the Court must apply the factual responses to the legal issues

and the Court determines who is the prevailing party.  Here however, the verdict form was more

in keeping with Rule 49(b), a general verdict accompanied by answer to interrogatories.  The

jurors determination of the first question on the verdict sheet determined the identity of the

prevailing party.  The balance of questions under section 2 requires the jurors to disclose their

calculations for damages awarded and to classify any sums awarded as either past medical

expenses or noneconomic damages.  In such a case, liability has been determined by the jurors

and not the Court:

> We have held however, where the jury is instructed to apply legal
> principles and assigned liability, 'the answers to the questions
> submitted to the jury are not special verdicts, despite the use of
> those words in the title appended to the form, and Rule 49(a)
> therefore does not apply.'

Jarvis v. Ford Motor Co., 283 F.3d 33, 56 (2nd Cir. 2002)(citations omitted).  The case directly on

point from the Fourth Circuit is White v. Celotex Corp., 878 F.2d 144 (4th Cir. 1989).  Assuming,

arguendo, that Plaintiff is correct that there is an inconsistency in the interrogatories answered by

the jurors, White stands for the proposition that under Rule 49(b) trial counsel must object to the

alleged inconsistencies prior to the discharge of the jury.  Failure to object in a timely fashion

will constitute a waiver of Plaintiff's right to seek a new trial.  This point was also reaffirmed in

Austin v. Paramount Parks, Inc., 195 F.3d 715 (4th Cir. 1999).  Accordingly, on this basis alone

Plaintiff's Motion must fail.

**II.     The Court Does Not Find That the Lack of an Award for Non-economic Damages Should Result in a New Trial.**

The standard for granting a motion for new trial is set forth in Fed. R. Civ. P. 59.  Rule

59, and the case law that it relies upon, speak of a duty of the trial court to grant a motion for

new trial if the verdict is against the clear weight of the evidence, based upon evidence which is

false, or if a failure to do so would result in a miscarriage of justice.  The Court, on this record,

does not find a sufficient basis for the granting of Plaintiff's Motion.  While the jurors'

calculation of medical bills is at odds with the calculation made by Plaintiff's counsel, this error

if any weighs in favor of Plaintiff.  Given that there is no motion for a new trial made on behalf

of Defendants, the Court is not inclined to disturb this finding.  Based upon the Court's

instructions, the jurors' verdict sheet, and the questions from the jurors regarding medical bills

and pain and suffering, the relevant issues in dispute were fairly considered.

The Court finds equally instructive the unpublished opinion of Laubach v. Khajawai, 64

F.3d 657, 1995 WL 508879 (4th Cir. 1995).  The present case is virtually on all fours with

Laubach in that an award in Laubach, made for future medical expenses and for loss of future

earnings, but not for noneconomic damages, was upheld.  "The Laubachs argued that the jury's

award of zero for noneconomic damages is inconsistent with the jury's finding of negligence and

the awarding of economic damages."  Id. at 2.  The Court did not find the jury's verdict

sufficient justification for a new trial.  While reflecting upon the testimony, direct and cross-

examination of various witnesses, this Court does not believe that the present verdict was against

the clear weight of the evidence, based upon evidence which was false, or tantamount to a

miscarriage of justice to justify the granting of Plaintiff's Motion.  The Court agrees that the

jurors had fair opportunity to consider Plaintiff's damage claims and could conclude that her

claims were contradictory and conflicting.  As a result, it appears the jurors determined that

Plaintiff should only be compensated for her out of pocket expenses.

**III.    Conclusion**

For all of the foregoing reasons, the Court finds there is no adequate basis to disturb the

findings of the jury, and accordingly DENIES Plaintiff's Motion.  An order consistent with the

opinions expressed herein shall be issued.

September 22, 2005                              /s/
                                    Charles B. Day
                                    United States Magistrate Judge